IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 1:17-CR-156 |
| | ) | |
| v. | ) | The Hon. Liam O'Grady |
| | ) | |
| KRISTY FARRAR CHAFFIN, | ) | Sentencing Date: March 2, 2017 |
| | ) | |
| Defendant. | ) | |

POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING

The United States of America, by and through its attorneys, Tracy Doherty-McCormick, Acting United States Attorney for the Eastern District of Virginia, Colleen E. García, Assistant United States Attorney, and Christopher Kaltsas, Special Assistant United States Attorney, in accordance with 18 U.S.C. § 3553(a) and the United States Sentencing Commission Guidelines Manual ("U.S.S.G." or the "Guidelines"), hereby files this position of the United States with respect to sentencing of the defendant, KRISTY FARRAR CHAFFIN.  The United States raises no objection to the United States Probation Officer's Presentence Report (PSR), which correctly calculates the Guideline term of incarceration as 15 to 21 months.  For the reasons stated herein, the United States respectfully submits that a sentence at the low end of the Guidelines range constitutes an appropriate term of incarceration for this defendant.[1]

---

[1] The defendant objects to the probation officer's decision not to apply a two-level reduction to the defendant's offense level for acceptance of responsibility.  (Dkt. No. 33 at 20).  The United States takes no position regarding the defendant's objection, and notes that if the Court holds that the acceptance of responsibility reduction is appropriate, the resulting modified Guidelines sentence would be 10 to 16 months.  Regardless of the Court's decision regarding the applicability of the reduction, the United States argues for a sentence at the low end of the Guidelines range.

1

FACTUAL AND PROCEDURAL BACKGROUND

On or around July 28, 2016 and on or around August 12, 2016, within the Eastern District of Virginia, the defendant, KRISTY FARRAR CHAFFIN ("CHAFFIN"), did knowingly make false statements when she purchased a firearm from a Federal Firearms License (FFL) dealer, in violation of Title 21, United States Code, Section 924(a)(1)(A). On those two dates, CHAFFIN purchased a total of five firearms from FFLs at the behest of a cooperating defendant ("CD-1").[2] CD-1 would provide CHAFFIN with funds to purchase firearms from FFLs, and would direct CHAFFIN as to which firearms to purchase.  Immediately after CHAFFIN purchased the firearms, CHAFFIN would leave the firearms in CD-1's vehicle and relinquish control of them.

At each time that CHAFFIN purchased a firearm at CD-1's direction, CHAFFIN completed a Firearms Transaction Record, otherwise known as the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") Form 4473.  On each form, Question 11a inquires as to whether the signatory is "the actual transferee/buyer of the firearm(s) listed on this form."   When signing each of these forms, CHAFFIN marked "yes" to this question, despite knowing that CD-1 was the actual buyer.

ARGUMENT

1.   Overview of Applicable Law

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court concluded that although the Guidelines do not establish conclusive sentences for convicted defendants, a

---

2 To conceal the identity of the cooperative defendant, this memorandum refers to the defendant in as generic terms as possible.  The Government accordingly uses gender-neutral terms to refer to the defendant throughout the memorandum.

sentencing court must nevertheless "consult those Guidelines and take them into account" during sentencing. *Booker*, 543 U.S. at 264. "[A] district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). Thereafter, the Court must consider the range suggested by the Guidelines, as well as other relevant factors described in the Guidelines and the factors set forth in 18 U.S.C. § 3553(a) before imposing a sentence. *Id.*

Section 3553(a) provides that the Court must consider the nature and circumstances of the offense and the history and characteristics of the defendant when imposing a sentence, which must be "sufficient, but not greater than necessary," to achieve the goals of sentencing. The Court must also consider other factors, including the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) & (B). In addition, the sentence should protect the public from further crimes of the defendant and provide the defendant with needed correctional treatment. 18 U.S.C. § 3553(a)(2)(C) & (D). Finally, the sentence should address "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

2. Guidelines Calculation

In accordance with Section 6A1.2 of the Guidelines, attendant Policy Statements, and this Court's policy regarding Guideline sentencing, the United States has reviewed the PSR prepared in this matter. The government does not dispute any of the sentencing factors set forth in the PSR, and agrees with the Probation Office's Guidelines range calculation of 15 to 21 months, based on a total offense level of 14 and a Criminal History Category of I, subject to the Court's

resolution of CHAFFIN's objections to the PSR.

      3.     <u>Application of 18 U.S.C. § 3553 Factors to the Defendant's Case</u>

The factors set forth in 18 U.S.C. § 3553(a) warrant a term of imprisonment at the low end of the Guidelines range. Over the course of two days, the defendant obtained and provided a multiple firearms to CD-1 in exchange for heroin. The nature and circumstances of this offense merit a term of imprisonment. CHAFFIN's failure to adhere to the terms of her supervision also indicates that a term of imprisonment is necessary. Finally, imprisonment would also deter others in CHAFFIN's position from participating in straw purchasing crimes in the future. For all these reasons, the United States submits that a sentence at the lower end of the Guidelines range would be sufficient, but not greater than necessary, to accomplish the goals of sentencing.

<u>CONCLUSION</u>

For the reasons set forth above, the United States submits that a sentence at the low end of the Guidelines would be sufficient, but not greater than necessary, to accomplish the objectives of sentencing.

                                  Respectfully submitted,

                                  Tracy Doherty-McCormick
                                  Acting United States Attorney

By:    _____
            Christopher Kaltsas
            Special Assistant United States Attorney

            Colleen E. García
            Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification to all counsel of record.

I further certify that on February 25, 2018, I sent the foregoing to the probation officer in this case:

Terrell C. Sewell, Jr.
United States Probation Officer
10500 Battleview Parkway, Suite 100
Manassas, VA 20109
703-366-2122
terrell_sewell@vaep.uscourts.gov

_____/s/_____
Colleen E. García
Assistant United States Attorney
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Ave.
Alexandria, VA 22314
Tel: (703) 299-3880
Fax: (703) 299-3980
Colleen.E.Garcia@usdoj.gov