Prob 12 (10/09)
VAE (rev. 5/17)

# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. <u>Kristy Farrar Chaffin</u>                Docket No. <u>1:17CR00156</u>

### Petition on Supervised Release

COMES NOW <u>Duane A. Gilliam</u>, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of <u>Kristy Farrar Chaffin</u>, who was placed on supervision by the Honorable Liam O'Grady, United States District Court Judge, sitting in the Court at <u>Alexandria</u>, Virginia, on the <u>9th</u> day of <u>March 2018</u>, who fixed the period of supervision at <u>2 years</u>, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

### See Page 2

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:
### See Attachment(s)

**PRAYING THAT THE COURT WILL ORDER** a summons to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

**ORDER OF COURT**  9/24/19 at 10:00am

Considered and ordered this ⏤ day of Sept,
20 19 and ordered filed and made a part of the records in the above case.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on:

Duane Gilliam
Digitally signed by Duane Gilliam
Date: 2019.09.06 15:18:57 -04'00'

_____
Liam O'Grady
United States District Judge

_____
Duane A. Gilliam
Senior U.S. Probation Officer
703-366-2123
Place <u>Manassas, Virginia</u>

**TO CLERK'S OFFICE**

OFFENSE: False Statement During Firearm Purchase, in violation of Title 18, USC § 924(a)(1)(A).

SENTENCE: Six (6) months imprisonment to be followed by a 2-year term of supervised release.

SPECIAL CONDITIONS: 1) The defendant shall participate in a program approved by the U.S. Probation Office for substance abuse, which program may include residential treatment and testing to determine whether the defendant has reverted to the use of drugs or alcohol, with partial costs to be paid by the defendant, all as directed by the Probation Officer. The defendant shall waive all rights of confidentiality regarding substance abuse treatment to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the substance abuse treatment provider; 2) The defendant shall participate in a program approved by the United States Probation Office for a mental health treatment which shall include the taking of medication which is prescribed by her mental health treatment provider. The cost of this program is to be paid by the defendant as directed by the probation officer. The defendant shall waive all rights of confidentiality regarding mental health treatment to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider. In addition, the defendant was ordered to pay a $100 special assessment fee.

ADJUSTMENT TO SUPERVISION: Ms. Chaffin's term of supervised release commenced on June 29, 2018. She is currently employed by TWF Construction as a house cleaner. At the onset of supervision, Ms. Chaffin was referred to Rappahannock Area Community Service Board (RACSB) for mental health and substance treatment. She completed treatment at RACSB in June 2019. The defendant's adjustment to supervision was satisfactory until two recent positive drug tests.

VIOLATION: The following violations are submitted for the Court's consideration:

**CONDITION 7:**                       **USE OF FENTANYL.**

On July 17, 2019 and August 14, 2019, Ms. Chaffin submitted urine specimens which tested positive for Fentanyl. This officer confronted the defendant about the positive tests and she denied using Fentanyl. Both specimens were sent to Alere Toxicology Services and confirmed positive for Fentanyl. Additionally, staff at Alere confirmed that the positive tests were not the result of medication that had been administered to Ms. Chaffin.

DAG/cmf